**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JORDAN M. FARLEY,**

      **Plaintiff,**

**v.**                               **CASE NO.:** _____

**PRODUCTION MANAGEMENT ONE, INC.,**

      **Defendant.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, JORDAN M. FARLEY, by and through his undersigned counsel, hereby files suit against Defendant, PRODUCTION MANAGEMENT ONE, INC. ("PM1"), a Maryland corporation.  In support thereof, Plaintiff alleges the following:

**JURISDICTION AND VENUE**

1.     This is an employment discrimination action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, as amended ("Title VII"); the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 *et seq.* ("ADA"); and the Florida Civil Rights Act of 1992, §760.01, Fla. Stat., *et seq.* ("FCRA").

2.     This Court has jurisdiction over the Title VII and ADA claims pursuant to 28 U.S.C. §1331 as this is a civil action arising under the laws of the United States (Federal Question). This Court also has supplemental jurisdiction over the FCRA state law claims pursuant to 28 U.S.C. §1367, as those claims are so related to the federal law claims that they form part of the same case or controversy.

3.      Venue is proper in the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. §1391(b) and Local Rule 1.04(b), because the unlawful employment practices alleged were committed in Orlando, Orange County, Florida and because the Defendant operates and does business in Orlando, Orange County, Florida.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4.      On or about March 20, 2020, Plaintiff timely filed his first Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").   A true and correct copy of the Charge of Discrimination is attached hereto and incorporated herein as Exhibit A. On July 15, 2020, Plaintiff filed a second Charge of Discrimination with the EEOC and the FCHR. A true and correct copy of the Charge of Discrimination is attached hereto and incorporated herein as Exhibit B.

5.      The EEOC issued a Notice of Right to Sue for each of the EEOC charges on January 26, 2021.  A true and correct copy of the EEOC's Notices of Right to Sue are attached hereto and incorporated herein as Exhibit C. This action is being filed within 90 days of Plaintiff's receipt of the Notice of Right to Sue.

6.      Plaintiff has exhausted all administrative remedies prior to the filing of this lawsuit. All other conditions precedent to the commencement and maintenance of this action have been satisfied or waived.

## STATEMENT OF THE PARTIES

7.       Plaintiff Farley is an individual residing in Kissimmee, Osceola County, Florida.

8.      Defendant PM1 is a Maryland company doing business in the State of Florida, including Orange County, Florida. The Defendant was Plaintiff's employer as defined by the

laws under which this action is brought.   At all material times, Defendant employed the requisite number of employees required by the laws under which this action is brought.

## STATEMENT OF FACTS

9.     Plaintiff was first hired by PM1 in around May 2018. PM1 is an event production company and Plaintiff was initially hired as a subcontractor. He was later brought on full-time in around June 2018 as Operations Manager. Tom Baclawski, General Manager, was Plaintiff's supervisor.

10.     Plaintiff was diagnosed with a severe hernia which required surgery and placement and removal of a mesh device in his abdomen. Following the initial surgery to repair the hernia, Plaintiff had complications including frequent vomiting, diarrhea and severe infections, which also required further hospitalizations.

11.     Throughout his employment, the owners of PM1 and Plaintiff's supervisor were aware of Plaintiff's serious medical condition. Plaintiff always provided notice when he had to be absent because of his medical condition and provided notes from his treating physicians. However, Plaintiff was reprimanded on more than one occasion for being sick.

12.     In June 2018, Plaintiff specifically informed Baclawski and one of the owners, Jarrad Scott, that he had to have major surgery for his medical condition. While Plaintiff was still in the hospital recovering from surgery, Baclawski called to inform him that he needed to fly to Newark, New Jersey later that week. When Plaintiff informed Baclawski that he was still in the hospital recovering and requested more time to do so, Baclawski responded, "you either have a job or you don't."

13.     After receiving this clear threat of termination, Plaintiff cut his recovery short, contrary to his physician's recommendation, and flew to New Jersey. Unfortunately, as a result of leaving the hospital early, Plaintiff suffered further complications that became life threatening and required a second admission to the hospital on July 2, 2018.

14.     Again, while Plaintiff was recovering from emergency surgery resulting from his failed recovery, Baclawski called Plaintiff and again threatened to terminate him if he did not return to work immediately, despite his physician's orders.

15.     In fear of being terminated, Plaintiff returned to work against his physician's orders, but requested certain restrictions, including no heavy lifting, twisting, or bending, and shorter work hours. PM1 refused to provide any of these accommodations.

16.     On July 26, 2019, Plaintiff received a written complaint from another employee, George Rodriguez, regarding Baclawski's repeated use of racist and derogatory comments in the workplace, including the use of the racial slur "nigger."

17.     Plaintiff personally witnessed one particular incident reported by Rodriguez, when Baclawski used the term "nigger" while talking on the phone in front of employees. As required, Plaintiff forwarded the complaint to Marty Cardomone in Human Resources ("HR") on July 30, 2019. Plaintiff never received a response from HR regarding this complaint.

18.     Once Baclawski was informed of the written complaint, he approached Plaintiff in a hostile manner, asking Plaintiff "what is the big deal?" because he (Baclawski) has black friends that he calls "nigger" and they call him "nigger," too. Baclawski then told Plaintiff that he just needed to "deal with it" because Baclawski could "do whatever he wanted."

19.     The confrontation with Baclawski, which was witnessed by several employees, made Plaintiff fearful and uncomfortable in the workplace.  On or about July 30, 2019, Plaintiff reported the confrontation with Baclawski and his inappropriate comments to Cardomone in HR.  Plaintiff further complained to HR that Baclawski's behavior needed to be addressed because 70% of the crew were minorities.

20.     HR did not provide Plaintiff with any follow-up regarding these complaints against Baclawski. Plaintiff then spoke with Jarrad Scott and asked that Baclawski be provided with racial harassment training.  Scott told Plaintiff that Baclawski "would no longer be working in the office."

21.     Baclawski was not terminated, but instead was absent from the office for a period of time, during which the workplace environment became more comfortable and more productive for everyone.

22.     However, Baclawski returned to work on October 21st and 22nd to attend meetings. On October 23, 2019, Baclawski came to Plaintiff's office and terminated him, effective immediately. Plaintiff was not given any reason for his termination, despite repeatedly asking for one. In fact, the termination letter that Plaintiff received did not indicate any reason for his termination.

23.     Plaintiff never received any discipline during his employment, nor was he ever informed that he had any performance issues.

24.     In response to Plaintiff's EEOC Charge, PM1 has now alleged that Plaintiff was terminated "for cause" because he was "derelict in his duties," and had attendance issues.

25.     PM1 also asserts, for the first time in response to the EEOC charge, that they had received reports from female employees that Plaintiff had made "inappropriate sexual advances" toward them.  According to PM1, there were several episodes of sexual harassment.

26.     However, the only incident they offered in support of this contention is an e-mail message Plaintiff sent to a female employee that started out, "Good morning beautiful." When Plaintiff was informed that the employee did not want him to refer to her that way, he never did it again. The documents that PM1 submitted to the EEOC in support of this assertion confirm that was the case.

27.     There is no evidence of any other purported incident involving the female staff. More importantly, there is no evidence that Plaintiff was ever told that he had been "inappropriate with female staff" or engaged in any form of sexual harassment at any point during his employment.

28.     Plaintiff was also suffering from some personal issues which he discussed on one occasion with an employee of PM1, Ben Slater, outside of work hours.

29.     Following that personal discussion, the PM1 employee offered Plaintiff psychiatric assistance because they perceived that Plaintiff had a mental health problem. Less than a week after this conversation, Plaintiff was terminated.

**COUNT I**
**RETALIATION IN VIOLATION OF TITLE VII**

30.     Plaintiff adopts and incorporates by reference the allegations contained in Paragraphs 1-29 of this Complaint.

31.     Plaintiff's complaint to management and HR on July 30, 2019, regarding the racially hostile work environment created by Plaintiff's supervisor, Tom Baclawski, constituted

protected activity.

32.     Plaintiff was terminated on October 23, 2019, less than three months after he made the complaint, and only two days after his supervisor returned to the workplace, which constitutes unlawful retaliation in violation of §701(j) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e(j) and 2000e-2(a), as amended.

33.     Defendant's retaliatory actions were done with malice and reckless indifference to Plaintiff's federally protected rights in violation of Title VII.

34.     As a result of Defendant's unlawful actions, Plaintiff has suffered a loss of earnings, wages, seniority, and benefits, a loss of earning capacity, a loss of future earnings, a loss of enjoyment of life, embarrassment, humiliation, emotional distress and related damages.

## COUNT II
## FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA

35.     Plaintiff adopts and incorporates by reference the allegations contained in Paragraphs 1-29 of this Complaint.

36.     Plaintiff was diagnosed with a severe hernia, a physical condition that substantially limits one or more of his major life activities.

37.     At all material times, Plaintiff was able to perform and did perform the essential functions of his job duties as Operations Manager with or without reasonable accommodation. At all material times, Plaintiff was otherwise qualified to do his job.

38.     Defendant was aware of Plaintiff's disability throughout his employment, but certainly as of June 2018, one of the owners and Plaintiff's supervisor were both made aware of Plaintiff's need to have surgery because of his serious medical condition.

39.     Plaintiff requested time to recover from his surgical procedure on two occasions, but was denied those reasonable accommodations and, instead, was threatened with termination if he did not return to work. When Plaintiff returned to work, he requested certain restrictions, including no heavy lifting, twisting, or bending, and shorter work hours but was also denied these accommodations.

40.     Defendant discriminated against Plaintiff because of his serious medical condition by denying his requests for reasonable accommodation, in violation of the ADA.

41.     As a direct and proximate cause of Defendant's failure to provide Plaintiff with reasonable accommodations, he has suffered damages, including compensatory damages for emotional distress, mental pain and suffering, and loss of enjoyment of life.

**COUNT III**
**DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA**
**(Perceived Disability)**

42.     Plaintiff adopts and incorporates by reference the allegations contained in Paragraphs 1-29 of this Complaint.

43.     Plaintiff was regarded by the Defendant as having a substantial mental impairment, as evidenced by the Defendant's offer of psychiatric assistance.

44.     Defendant discriminated against Plaintiff because of his perceived mental impairment by terminating his employment within days of becoming aware of the perceived disability, in violation of the ADA.

45.     As a direct and proximate cause of Defendant's discrimination based on a perceived disability, Plaintiff has suffered damages, including back pay, front pay, and lost

benefits, as well as compensatory damages for emotional distress, mental pain and suffering, and loss of enjoyment of life.

**COUNT IV**
**RETALIATION IN VIOLATION OF THE FCRA**

46.     Plaintiff adopts and incorporates by reference the allegations contained in Paragraphs 1-29 of this Complaint.

47.     Plaintiff's complaint to management and HR on July 30, 2019, regarding the racially hostile work environment created by Plaintiff's supervisor, Tom Baclawski, constituted protected activity.

48.     Plaintiff was terminated on October 23, 2019, less than three months after the complaint was made, and only two days after his supervisor returned to the workplace, which constitutes unlawful retaliation in violation of the FCRA.

49.     Defendant's retaliatory actions were done with malice and reckless indifference to Plaintiff's rights in violation of the FCRA.

50.     As a result of Defendant's unlawful actions, Plaintiff has suffered a loss of earnings, wages, seniority, and benefits, a loss of earning capacity, a loss of future earnings, a loss of enjoyment of life, embarrassment, humiliation, emotional distress and related damages.

**COUNT V**
**FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA**

51.     Plaintiff adopts and incorporates by reference the allegations contained in Paragraphs 1-29 of this Complaint.

52.     Plaintiff was diagnosed with a severe hernia, a physical condition that substantially limits one or more of his major life activities.

53.     At all material times, Plaintiff was able to perform and did perform the essential functions of his job duties as Operations Manager with or without reasonable accommodation. At all material times, Plaintiff was otherwise qualified to do his job.

54.     Defendant was aware of Plaintiff's disability throughout his employment, but certainly as of June 2018, one of the owners and Plaintiff's supervisor were both made aware of Plaintiff's need to have surgery because of his serious medical condition.

55.     Plaintiff requested time to recover from his surgical procedure on two occasions, but was denied those reasonable accommodations and, instead, was threatened with termination if he did not return to work. When Plaintiff returned to work, he requested certain restrictions, including no heavy lifting, twisting, or bending, and shorter work hours but was also denied these accommodations.

56.     Defendant discriminated against Plaintiff because of his serious medical condition by denying his requests for a reasonable accommodation, in violation of the FCRA.

57.     As a direct and proximate cause of Defendant's failure to provide Plaintiff with reasonable accommodations, he has suffered damages, including compensatory damages for emotional distress, mental pain and suffering, and loss of enjoyment of life.

**COUNT VI**
**DISABILITY DISCRIMINATION IN VIOLATION OF THE FCRA**
**(Perceived Disability)**

58.     Plaintiff adopts and incorporates by reference the allegations contained in Paragraphs 1-29 of this Complaint.

59.     Plaintiff  was regarded by the Defendant as having a substantial mental impairment, as evidenced by the Defendant's offer of psychiatric assistance.

10

60.     Defendant discriminated against Plaintiff because of his perceived mental impairment by terminating his employment within days of becoming aware of the perceived disability, in violation of the FCRA.

61.     As a direct and proximate cause of Defendant's discrimination based on a perceived disability, Plaintiff has suffered damages, including back pay, front pay, and lost benefits, as well as compensatory damages for emotional distress, mental pain and suffering, and loss of enjoyment of life.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JORDAN M. FARLEY, respectfully prays for the entry of a judgment in his favor, and against Defendant, PRODUCTION MANAGEMENT ONE, INC., for the following relief:

1.     Lost wages, compensation and other employment benefits caused by Defendant's unlawful actions;

2.     Compensatory damages for emotional distress, embarrassment and humiliation, loss of dignity, damage to his reputation, and related damages in an amount to be determined by the jury;

3.     Punitive damages in an amount to be determined by the jury;

4.     Front pay in lieu of reinstatement;

5.     Prejudgment and post-judgment interest;

6.     Reasonable attorney's fees and costs in accordance with applicable law; and

7.     Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues and counts in this Complaint so triable as a matter of right.

**DATED**: April 8, 2021.

Respectfully submitted,

*/s/ Deborah Frimmel*

**DEBORAH FRIMMEL, ESQ.**
Florida Bar Number 93970
deborah@burruezolaw.com
docketing@burruezolaw.com
**BURRUEZO & BURRUEZO, PLLC**
911 Outer Road
Orlando, Florida 32814
Office: 407.630.6650
Facsimile: 407.754.2905

*Attorney for Plaintiff*

4849-0452-9120, v. 1

**EXHIBIT A**

11:12:10 a.m 03-30-2020      3

From: Bertha L. Burruezo, Es Fax:14077542905          To:              Fax: (305) 808-1758          Page: 3 of 4          03/30/2020 11:13 AM

| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974. See Privacy Act Statement<br>before completing this form. | | Agency(ies) | Charge Number(s): |
|---|---|---|---|
| | | X FEPA<br>X EEOC | 511-2020-02712 |

**Florida Commission on Human Relations and EEOC**

*State or local Agency, if any*

| Name *(Indicate Mr. Ms. Mrs.)*<br><br>**Mr. Jordan M. Farley** | Home Phone *(Incl. Area Code)*<br>**c/o Burruezo & Burruezo, PLLC<br>(407) 754-2904** | Date of Birth<br><br>**08-27-1985** |
|---|---|---|
| Street Address                    City, State and ZIP Code<br><br>**c/o Burruezo & Burruezo, PLLC, 911 Outer Road, Orlando (Baldwin Park), Florida 32814** | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>**Production Management One, Inc.** | No. Employees, Members<br>**50** | Phone No. *(Include Area Code)*<br>**(407) 377-7153** |
|---|---|---|
| Street Address                    City, State and ZIP Code<br><br>**9025 Boggy Creek Road, Units 2 & 3, Orlando, Florida 32824** | | |
| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
| Street Address                    City, State and ZIP Code | | |

| DISCRIMINATION BASED ON *(Check appropriate box(es))*<br><br>___ RACE ___ COLOR ___SEX ___ RELIGION ___NATIONAL ORIGIN<br><br>__X__ RETALIATION ___ AGE ___ DISABILITY ___OTHER (Specify below.) | DATE(S) DISCRIMINATION TOOK PLACE<br>Earliest          Latest<br>                    10-23-2019<br><br>___CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE *(If additional paper is needed, attached extra sheet(s)):*

I was first hired by Production Management One, Inc. ("PM1") in around May 2018 as a subcontractor and then hired full-time in June 2018 as Operations Manager. My supervisor was Tom Baclawski, the General Manager.

On July 26, 2019, I received a formal written complaint from George Rodriguez (Hispanic), a warehouse manager. According to the complaint, Mr. Baclawski repeatedly made racist and derogatory comments toward employees, including using the term "nigger" while on the phone in front of employees. As Mr. Rodriguez stated in his complaint, I witnessed the phone incident. I immediately forwarded Mr. Rodriguez's complaint to Marty Cardomone in Human Resources (HR).

After Mr. Baclawski became aware of the complaint made against him, he approached me in a hostile manner on a job site. He asked me "what was the big deal," he had black friends that he calls "nigger" and they call him "nigger" in return. Mr. Baclawski told me that I just needed to "deal with it" because he could do whatever he wanted. This confrontation made me feel extremely uncomfortable and unsafe around Mr. Baclawski. There were several witnesses to Mr. Baclawski's outburst.

11:12:10 a.m. 03-30-2020   4

From: Bertha L. Burruezo, Es Fax: 14077542905      To:         Fax: (305) 808-1758      Page: 4 of 4      03/30/2020 11:13 AM

# 511-2020-02712

On or about July 30, 2019, I reported Mr. Baclawski's outburst at the job site to Mr. Cardomone and expressed that Mr. Baclawski's behavior needed to stop. I pointed out that approximately 70% of our crew were minorities and Mr. Baclawski's behavior needed to be addressed. I reported the "negative uncomfortable work environment" to HR despite fearing retaliation, as I expressed in the email. I did not receive a response from HR.

I later spoke to Jarrad Scott, one of the owners of PM1 and suggested that Mr. Baclawski be required to receive appropriate training with regard to racial harassment in the workplace. Mr. Scott assured me that Mr. Baclawski would no longer be working at the office.

In Mr. Baclawski's absence following the complaints, the environment became more comfortable and more productive. However, the week of October 21, 2019, Mr. Baclawski returned to the office for meetings on October 21st and 22nd. On October 23rd, 2019, Mr. Baclawski came into my office and informed me that I was being terminated immediately. Although I asked several times why I was being terminated, Mr. Baclawski would not respond. Prior to my termination, I had never been disciplined for any reason. I was never given a reason for my termination.

I believe I was terminated in retaliation for my complaints of unlawful racial harassment in violation of Title VII of the Civil Rights Act of 1964, and the Florida Civil Rights Act of 1992. As a result of Production Management One, Inc.'s unlawful actions, I have suffered an adverse employment action, monetary damages, emotional harm, and pain and suffering.

| | |
|---|---|
| I want this charge filed with the EEOC, Florida Commission on Human Relations, and the local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements<br><br>BETTIE A. FALU<br>MY COMMISSION # GG 261651<br>EXPIRES: February 24, 2023<br>Bonded Thru Notary Public Underwriters |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 3/20/20    _Andrew Farley_<br>Date        Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

EEOC FORM 5 (REV. 3/01)
4816-8222-2005, v. 1

2

**EXHIBIT B**

| CHARGE OF DISCRIMINATION | Agency(ies) | Charge Number(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See Privacy Act Statement before completing this form. | X  FEPA<br>X  EEOC | 511-2020-04044 |

| Florida Commission on Human Relations and EEOC | | |
|---|---|---|
| *State or local Agency, if any* | | |

| Name *(Indicate Mr. Ms. Mrs.)*<br>Mr. Jordan M. Farley | Home Phone *(Incl. Area Code)*<br>c/o Burruezo & Burruezo, PLLC<br>(407) 754-2904 | Date of Birth<br>08-27-1985 |
|---|---|---|
| Street Address          City, State and ZIP Code<br>c/o Burruezo & Burruezo, PLLC, 911 Outer Road, Orlando (Baldwin Park), Florida 32814 | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>Production Management One, Inc. | No. Employees, Members<br>50 | Phone No. *(Include Area Code)*<br>(407) 377-7153 |
|---|---|---|
| Street Address          City, State and ZIP Code<br>9025 Boggy Creek Road, Units 2 & 3, Orlando, Florida 32824 | | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| Street Address          City, State and ZIP Code | | |

| DISCRIMINATION BASED ON *(Check appropriate box(es))*<br><br>__ RACE ___ COLOR __ SEX __ RELIGION ___ NATIONAL ORIGIN<br><br>_X_ RETALIATION ___ AGE _X_ DISABILITY ___ OTHER (Specify below.) | DATE(S) DISCRIMINATION TOOK PLACE<br>Earliest          Latest<br>6-1-2019          10-23-2019<br><br>___ CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE *(If additional paper is needed, attached extra sheet(s)):*

I was first hired by Production Management One, Inc. ("PM1") in around May 2018 as a subcontractor and then hired full-time in June 2018 as Operations Manager. My supervisor was Tom Baclawski, the General Manager.

I am an individual with a disability. My supervisor, Tom Baclawski and the owners of PM1 knew of my disability and refused to provide a reasonable accommodation despite my requests for same. I was denied reasonable accommodation when I was denied leave after surgery and was reprimanded for being sick on numerous occasions and, I believe ultimately terminated, in part, because of my disabilities.

Further, I was offered psychiatric or psychological help by PMI prior to my termination and was, consequently, "regarded as" disabled by PM1. I was offered psychiatric assistance by PM1 several days prior to my termination and I believe that my termination was, in part, because PMI regarded me as disabled because of a perceived mental health problem.

I believe I was discriminated against based upon my disability and retaliated against for requesting reasonable accommodation under the Americans with Disabilities Act, as amended. As a result of Production Management One, Inc.'s unlawful actions, I have suffered an adverse employment action, monetary damages, emotional harm, and pain and suffering.

1

EEOC
Received
15 July 2020
Tampa Field Office

| | |
|---|---|
| I want this charge filed with the EEOC, Florida Commission on Human Relations, and the local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
| I declare under penalty of perjury that the above is true and correct.<br><br><br>_7/15/20_   _Jordan Farley_<br>Date        Charging Party Signature | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

EEOC FORM 5 (REV. 3/01)
4847-1143-4946, v. 1

EEOC
Received
July 15, 2020
Tampa Field office

2

**EXHIBIT C**

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | | | |
|---|---|---|---|
| To: | **Jordan M. Farley**<br>**C/O Burruezo & Burruezo, Pllc**<br>**911 Outer Road**<br>**Orlando, FL 32814** | From: | **Tampa Field Office**<br>**501 East Polk Street**<br>**Room 1000**<br>**Tampa, FL 33602** |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **511-2020-02712** | **Scott M. Kelley,**<br>**Investigator** | **(813) 202-7906** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☒ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Evangeline Hawthorne*

January 26, 2021

Enclosures(s)

**Evangeline Hawthorne,**
**Director**

*(Date Mailed)*

cc:
| | |
|---|---|
| **Kara Gagnon**<br>**PRODUCTION MANAGEMENT ONE**<br>**8625 Inkster Rd**<br>**Taylor, MI 48180** | **Deborah Frimmel, Esq.**<br>**BURRUEZO WORKPLACE LAW**<br>**911 Outer Rd**<br>**Orlando, FL 32810** |

Enclosure with EEOC
Form 161-B (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):**   The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.</u>

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

> - **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
> - In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)),  **"major life activities"** now include the operation of major bodily functions, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
> - **Only one** major life activity need be substantially limited.
> - With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
> - An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.
> - An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**
> - An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
> - "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
> - The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
> - A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:   Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment.  Beyond the initial pleading stage, some courts will require specific evidence to establish disability.*   For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

Enclosures(s)

cc:   **Chris Gowen**
      **Gowen Silva & Winograd  PLLC**
      **513 Capitol Court NE, Suite 100**
      **Washington, DC 20002**

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Jordan M. Farley<br>C/O Burruezo & Burruezo, Pllc<br>911 Outer Road<br>Orlando, FL 32814 | From: | Tampa Field Office<br>501 East Polk Street<br>Room 1000<br>Tampa, FL 33602 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 511-2020-04044 | Scott M. Kelley,<br>Investigator | (813) 202-7906 |

(See also the additional information enclosed with this form.)

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court** WITHIN 90 DAYS **of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court** WITHIN 90 DAYS **of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred** more than 2 years (3 years) **before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Evangeline Hawthorne*
_____
**Evangeline Hawthorne,**
**Director**

January 26, 2021
_____
*(Date Mailed)*

Enclosures(s)

cc:

| Kara Gagnon<br>PRODUCTION MANAGEMENT ONE<br>8625 Inkster Rd<br>Taylor, MI 48180 | Deborah Frimmel, Esq.<br>BURRUEZO WORKPLACE LAW<br>911 Outer Rd<br>Orlando, FL 32810 |
|---|---|

Enclosure with EEOC
Form 161-B (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS    --    **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
the Genetic Information Nondiscrimination Act (GINA), or the Age
Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within
90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to
consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell
him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely
manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as
indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate
State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of
your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the
charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include
any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters
alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in
some cases can be brought where relevant employment records are kept, where the employment would have
been, or where the respondent has its main office. If you have simple questions, you usually can get answers from
the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint
or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS    --    **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For
example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit
*before 7/1/10 – not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.
Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA
claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION    --    **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above,
because such requests do not relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge
file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be
made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):**   The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➢ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
➢ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities"** now include **the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
➢ **Only one** major life activity need be substantially limited.
➢ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
➢ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.
➢ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**
➢ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
➢ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
➢ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
➢ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:  Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.*   For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

Enclosures(s)

cc:   Chris Gowen
      Gowen Silva & Winograd  PLLC
      513 Capitol Court NE, Suite 100
      Washington, DC 20002